## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE BENDAMUSTINE<br>CONSOLIDATED CASES | C.A. No. 13-2046-GMS<br>(consolidated)<br>(Previously C.A. No. 15-0179) |

### DEFENDANTS' MOTION TO DISQUALIFY THOMAS ANCHORDOQUY AS AN EXPERT WITNESS AND PRECLUDE DISCLOSURE OF CONFIDENTIAL INFORMATION PURSUANT TO THE PROTECTIVE ORDER

Defendants Sagent Pharmaceuticals Inc., Hetero and InnoPharma Inc. (collectively, "defendants"), hereby move, pursuant to paragraph 6(a)(iv) of the Protective Order (*D.I.* 60), to preclude the disclosure of confidential information to Plaintiff Cephalon, Inc.'s expert Dr. Thomas Anchordoquy and further move to disqualify him as an expert for plaintiff Cephalon, Inc..

1.  Federal courts have the inherent power to disqualify experts. *Syngenta Seeds, Inc. v. Monsanto Co.*, No. 02-1331-SLR, 2004 WL 2223252, at *1 (D. Del. Sept. 27, 2004). While disqualification is normally a "drastic measure which courts should hesitate to impose except when absolutely

necessary," *id.,* such a necessity exists if: (1) the moving party possessed an objectively reasonable basis to believe that a confidential relationship existed between that party and the expert witness; and (2) confidential or privileged information was in fact provided to the expert by the moving party. *Koch Refining Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir.1996) (*citing Mayer v. Dell*, 139 F.R.D. 1, 3 (D.D.C.1991); *Hansen v. Umtech Industrieservice Und Spedition, GBmbH*, No. CIV. A. 95-516 MMS, 1996 WL 622557, at *4 (D. Del. July 3, 1996); and *Syngenta Seeds, Inc.*, 2004 WL 2223252, at *2. In considering disqualification, courts also balance competing policy objectives and concerns for fundamental fairness. *Syngenta Seeds, Inc.*, 2004 WL 2223252, at *2.

2. In this case, defendants contacted the third party, Expert Search Group, LLC, ("ESG") to locate an expert witness to testify in the above captioned case. *See* Ronald M. Daignault Declaration ("Daignault Dec.") at ¶ 2 *and* Cynthia Campfield Declaration ("Campfield Dec.") at ¶ 2. On February 24, 2015, ESG contacted Dr. Anchordoquy about serving as an expert witness. Campfield Dec. at Ex. A, *and* Campfield Dec. at ¶ 4. As part of this communication, ESG informed Dr. Anchordoquy that "[y]ou also agree to not contact the opposing parties on this case and *if contacted by*

*any of the opposing parties you agree to not discuss the case or divulge any information that has been provided to you*[1] with regard to this case. You further agree to inform the law firm client of such contact." Campfield Dec. at Ex. A (emphasis added). Dr. Anchordoquy initially was provided with patents and the complaint. *Id.* On February 25, 2015 Dr. Anchordoquy agreed to move forward and expressed his interest in working on the case. *Id. and* Campfield Dec. at ¶ 5.

3. Subsequently, information about Dr. Anchordoquy was sent to the defendants. Daignault Dec. at ¶ 3. Based on Dr. Anchordoquy's CV and ESG's recommendation, defendants requested a teleconference to discuss their views on the case. *Id.*

4. On March 20, 2015, Dr. Anchordoquy and defendants participated in a teleconference to discuss this litigation. Daignault Dec. at ¶ 4 *and* Campfield Dec. at ¶ 5. The teleconference was more than a mere interview. During this teleconference, the parties discussed defendant's infringement positions as they related specifically to the patents-in-suit. *Id.* See also Campfield Dec. at Ex. A ("It seems as if Cephalon has some patents

---

[1] Plaintiff has argued that this provision does not preclude Dr. Anchordoquy from communicating with Plaintiff if Dr. Anchordoquy was contacted by Plaintiff first. This is incorrect because the email explicitly prohibits communication "*if contacted by any of the opposing parties….*"

3

on using a lyophilized product, and now they are claiming that Sagent can't use lyophilization for their product…..that's what I got from my brief review.  Again, I would like to talk with someone more about this."). Additionally, defendants discussed their views on the invalidity of patents-in-suit, and in the course of doing so disclosed protected work product.  *Id.* at ¶ 4; *See also Hickman v. Taylor, 329 U.S. 495, 511 (1947)* ("[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. … This work is reflected, of course, in *interviews*, *statements*, memoranda, correspondence, briefs, *mental impressions, personal beliefs*, and countless other tangible and intangible ways … [are]  the 'Work product of the lawyer.'") (emphasis added).

     5.    Based on these facts and Dr. Anchordoquy's engagement terms with ESG, defendants reasonably believed a confidential relationship was formed.  In meet-and-confer discussions with Cephalon's counsel, they have argued that the lack of an executed retainer agreement precludes disqualification. This is wrong.  In examining this prong of the test, the emphasis is *not* on whether the expert was retained *per se*, but whether there was a relationship that would permit the litigant to reasonably expect

that any communications would remain confidential *Hewlett-Packard Co. v. EMC Corp.*, 330 F.Supp.2d 1087, 1093 (N.D.Cal.2004). In evaluating the reasonableness of the party's assumption, the Court may consider many factors. *Id.* These factors include, but are not limited to: "whether work product was discussed or documents were provided to the expert, whether the expert was paid a fee, whether the expert was asked to agree not to discuss the case with the opposing parties or counsel, and whether the expert derived any of his specific ideas from work done under the direction of the retaining party." *Id.*

6. Therefore, while no formal retainer agreement was executed, the extent and substance of the communications formed a confidential relationship, which now precludes Plaintiff from retaining Dr. Anchordoquy as an expert. Critical to this point is the fact that defendants disclosed intimate and protected work product relating to their litigation strategy. Defendants would not have communicated that information without a reasonable expectation of confidentiality. Indeed, as defendants believed in engaging in substantive discussions with Dr. Anchordoquy, "communications made to a potential expert in a retention interview can be considered confidential and therefore subject to protection from

5

subsequent disclosure even if the expert is not thereafter retained as long as there was a reasonable expectation of such confidentiality. *Shadow Traffic Network v. Superior Court,* 24 Cal. App. 4th 1067, 1080, 29 Cal. Rptr. 2d 693, 700 (1994). The disclosure of work product to Dr. Anchordoquy strongly evidences the confidential nature of the relationship. *See e.g., Wang Labs., Inc. v. Toshiba Corp.,* 762 F. Supp. 1246, 1249 (E.D. Va. 1991) (noting that disclosure of work product showed party had an objectively reasonable belief in the confidential relationship). Additionally, Dr. Anchordoquy was explicitly prohibited under the terms of his relationship with ESG to discuss any of the information he obtained with Plaintiff.

7. The disclosure of work product also firmly establishes that confidential and privileged information was communicated to Dr. Anchordoquy. In this instance, Dr. Anchordoquy was informed of defendants' opinions and impressions regarding the validity of the patents in this case. Daignault Dec. at ¶ 4. These communications represent the mental impressions of counsel developed in anticipation of trial and firmly establish that confidential and privilege information was disclosed to Dr. Anchordoquy. *See, e.g., Stencel v. Fairchild Corp.*, 174 F. Supp. 2d 1080, 1084 (C.D. Cal. 2001). The communication of work product to Dr.

Anchordoquy also raises questions of fundamental fairness. Dr. Anchordoquy is fully aware of defendants' litigation position and this places him at a distinct advantage over the other parties in the case and other experts. This is prejudicial to defendants.

8. Accordingly, for the foregoing reasons, defendants hereby move to disqualify Dr. Anchordoquy as an expert witness and prohibit him from receiving confidential information pursuant to the protective order.

**POLSINELLI PC**

*/s/ R. Montgomery Donaldson*
R. Montgomery Donaldson (DE Bar No. 4367)
Shanti M. Katona (DE Bar No. 5352)
Jarrett Vine (DE Bar No. 5400)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Phone: (302) 252-0920
Fax: (302) 252-0921
*rmdonaldson@polsinelli.com*
*skatona@polsinelli.com*
*jvine@polsinelli.com*

OF COUNSEL:
Ronald M. Daignault
Tedd W. Van Buskirk
POLSINELLI PC
900 Third Avenue
21st Floor
New York, NY 10022
Phone: (212) 684-0199
Fax: (212) 684-0197
*rdaignault@polsinelli.com*

Richard Juang
POLSINELLI PC
100 S. Fourth Street
Suite 1000
St. Louis, MO 63102
Phone: (314) 622-6621
Fax: (314) 667-3692
*rjuang@polsinelli.com*

*Counsel for Defendants Sagent Pharmaceuticals, Inc.*

                                                STAMOULIS & WEINBLATT LLC

                                                */s/ Stamatios Stamoulis*
                                                Stamatios Stamoulis (No. 4606)
                                                Richard C. Weinblatt (No. 5080)
                                                Two Fox Point Centre
                                                6 Denny Road, Suite 307
                                                Wilmington, DE 19809
                                                (302) 999-1540
                                                stamoulis@swdelaw.com
                                                weinblatt@swdelaw.com

                                                OF COUNSEL:
                                                Michael H. Baniak
                                                SEYFARTH SHAW LLP
                                                131 South Dearborn Street, Suite 2400
                                                Chicago, IL 60603
                                                mbaniak@seyfarth.com

                                                Nigamnarayan (Nigam) Acharya
                                                SEYFARTH SHAW LLP
                                                1075 Peachtree Street, N.E., Suite 2500
                                                Atlanta, GA 30309
                                                nacharya@seyfarth.com

                                                OF COUNSEL:
                                                Shashank Upadhye
                                                AMIN TALATI & UPADHYE
                                                55 W. Monroe Street, Ste. 3400
                                                Chicago, IL 60603
                                                312-327-3326
                                                shashank@amintalati.com

                                                *Counsel for InnoPharma, Inc.*

Dated:  July 1, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2015, I caused copies of the foregoing document to be served upon the following via ECF notification and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esq.<br>Karen E. Keller, Esq.<br>Stephanie E. O'Byrne, Esq.<br>Shaw Keller LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE  19801<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>sobyrne@shawkeller.com | *VIA ELECTRONIC MAIL* |
| OF COUNSEL:<br>David M. Hashmall, Esq.<br>Calvin E. Wingfield, Jr., Esq.<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018<br>dhashmall@goodwinprocter.com<br>cwingfield@goodwinprocter.com | *VIA ELECTRONIC MAIL* |
| Daryl L. Wiesen, Esq.<br>Emily L. Rapalino, Esq.<br>Nicholas K. Mitrokostas<br>Exchange Place<br>Boston, MA  02109<br>dwiesen@goodwinprocter.com<br>erapalino@goodwinprocter.com<br>nmitrokostas@goodwinprocter.com | *VIA ELECTRONIC MAIL* |

                                                */s/ R. Montgomery Donaldson*
                                                R. Montgomery Donaldson (DE Bar No. 4367)